IN THE UNITED STATES DISTRICT COURT OF EASTERN PENNSYLVANIA

Ronald Satish Emrit,
Plaintiff

v.

Charles Barkley,
Subway, and
Fanduel,
Defendants

C.A. No. ____________

# COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit who is bringing forth this violation against the three defendants for having committed a combination of commercial tort(s) and at least one dignitary tort, i.e. invasion of privacy through intrusion upon seclusion. In bringing forth this complaint, the plaintiff states, avers, and alleges the following:

## I.) NATURE OF THE CASE

1.) While the Do-Not-Call Registry (DNC) and Can-Spam Act of 2003 are enforced by the Federal Trade Commission (FTC) regarding what the plaintiff would describe as "excessive advertising," the plaintiff argues that there should be similar restrictive regulations enforced

2) The JS-44 (Civil Cover Sheet) lists one of the causes of action as Telephone Consumer Protection Act and Consumer Credit (15 U.S.C. §1681 or 1692) although those provisions are presumably inapplicable in addition to laws applying to "junk faxes" given that Hotmail/Microsoft and Cable TV involve the internet and television rather than telephone communications involving fiber optic cables, Kevlar, and total internal reflection.

3) Pursuant to Rule 201 of Federal Rules of Evidence (FRE) the court should take judicial notice that Federal Trade Commission (FTC) has a Bureau of Economics and a Bureau of Consumer Protection which has jurisdiction to oversee the subject matter involving unsolicited commercial email (spam), telemarketing/cold calls from stockbrokers for example, identity theft issues and enforcement of Anti-Trust Law (Sherman Act/Clayton Act) by either approving or denying acquisitions and mergers thereby preserving perfect competition in the economy by precluding the formation of monopolies and/or oligopolies.

4.) Furthermore the court can take judicial notice that the plaintiff applied for a job perhaps as a paralegal with FTC in 2004 in Washington, D.C. and also requested an inquiry from FTC about a company d/b/a Quixtar, i.e. a multi-level marketing company supposedly with the "pyramid sales model" like Amway and what are commonly referred to as "diamond independent business operators" or IBO's similar to Referring Travel Agents or RTA's

national (YTBI) or "team trainers" with ACN with its principle place of business (ppb) and/or nerve center in North Carolina.

## II.) JURISDICTION AND VENUE

5.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida. His current address is 6655 38th Lane East, Sarasota, Florida 34243 and his telephone number is (703) 936-3043.

6.) The first defendant is Charles Barkley, i.e. a well known former NBA player for the Philadelphia 76ers, Phoenix Suns and Houston Rockets.

7.) The second defendant is d/b/a Subway, i.e. a well-known fast food chain known for its submarine sandwiches and its infamous former spokesperson "Jared" who is perhaps a public relations nightmare and marketing mistake for the franchise.

8.) The third defendant is d/b/a Fanduel which is somehow connected to the sporting world and perhaps ESPN and also involves Charles Barkley as a spokesperson in the same manner as Subway.

## III.) JURISDICTION AND VENUE

9.) While commercial tort issues are perhaps the subject matter of local or state courts, the plaintiff argues that the U.S. District Court of Alabama has subject matter jurisdiction because there is complete diversity of jurisdiction between the plaintiff and the three defendants. Although

Florida establishing systemic and continuous contacts which would be contrary to this idea of diversity of jurisdiction.

10.) As an Article III Court the U.S. District Court of Alabama also has personal, original, and exclusive jurisdiction because the first defendant is presumably from Alabama and attended Auburn University either in Mississippi or Alabama.

11.) Furthermore, the plaintiff argues that the U.S. District Court of Alabama also has subject matter jurisdiction because of a discussion of the black-letter law provisions of Can-Spam Act of 2003 Do-Not-Call Registry (DNC) Consumer Financial Protection Board (CFPB), Junk Faxes, and other consumer protection laws enforced by Federal Trade Commission (FTC), Federal Communications Commission (FCC), International Trade Commission (ITC) and/or Securities Exchange Commission (SEC) which could also involve the previously-mentioned Telephone Consumer Protection Act and Consumer Credit (15 U.S.C. §168 or 1692).

12) Finally, the plaintiff argues that the U.S. District Court of Alabama has jurisdiction because the amount in controversy exceeds $75,000 (i.e. $80,000).

## IV.) STATEMENT OF FACTS

13.) While the plaintiff is using his Hotmail account, the plaintiff frequently sees vertical banner advertisements featuring Charles Barkley for either a sporting goods store, Fanduel, or Subway.

14.) While the plaintiff is watching Cable Television through

Sarasota, Florida), the plaintiff is constantly seeing advertisements from either Subway, Fanduel, and sporting goods store featuring Charles Barkley as a spokesperson.

15.) Accordingly the plaintiff argues that these commercials and/or advertisements featuring Charles Barkley are annoying and interfere with the plaintiff's concentration especially while the plaintiff is using his Hotmail account in the ordinary course of business.

16.) Because it is well-known that the plaintiff has litigated against Central Intelligence Agency (CIA) in Iowa, Maryland, Virginia, West Virginia, Maryland, Washington, D.C. and Northern Florida, the plaintiff would even go as far to suggest that CIA utilizes advertisements of Charles Barkley in Subway, FanDuel, and sporting goods to annoy or harass the plaintiff.

V.) COUNT ONE: VIOLATION OF BUSINESS JUDGMENT RULE

17.) While the plaintiff is neither a shareholder nor officer of Subway, Fanduel, or a sporting goods store, the plaintiff argues that the Board of Directors for the aforementioned companies have violated the Business Judgment Rule by choosing Charles Barkley to be the spokesperson for their products.

18.) More specifically, the plaintiff argues that reasonable prudent directors on the Boards of Directors for the aforementioned companies violate their duty of care by failing to realize that Charles Barkley is not as marketable in 2022 or 2023 as the following athletes: Patrick Mahomes, Tom Brady, Dak Prescott, Colin Kaepernick, Jaz-

19.) Furthermore the plaintiff argues that the Boards of Directors for these companies violate the Business Judgment Rule by failing to recognize that Charles Barkley does not have the demeanor, charisma, personality, charm or legacy to be the spokesperson for any company including the aforementioned companies which could be described as having public relation issues.

20.) Nevertheless, the discussion of Stockholder Derivative Actions, Corporate Opportunity Doctrine, Interested Director Transactions, Self-Dealing, Misfeasance, Malfeasance, Non-Feasance, Breach of Fiduciary Duty (citing the stare decisis of Meinhard v. Salmon invoking the duty of utmost good faith and "highest punctilio of an honor") and Business Judgment Rule are usually reserved for shareholders of a publicly-traded corporation or franchise (NYSE, Standard & Poor's 500, NASDAQ, DJIA) or for those parties in "privity of contract" with said corporations, the plaintiff argues that he has standing, causation, and redressability to file a lawsuit against the aforementioned defendants specifically because of the argument that the plaintiff is a consumer of both cable television and email (Hotmail/Microsoft) that is negatively-impacted by annoying commercials of Charles Barkley on Cable TV or vertical banner advertisements by Subway, Fanduel, and/or sporting goods store.

## VI.) COUNT TWO: VIOLATION OF CAN-SPAM ACT OF 2003 AND CONSUMER LAW RELATED TO JUNK FAXES

21.) While many companies are usually fined for sending

subject headers for this email, the plaintiff argues that a broad interpretation of Can-Spam Act of 2003 and similar junk fax laws applies to annoying commercials on Cable Television and vertical banner advertisements on Hotmail, Microsoft, Yahoo, but not GMail (no advertisements/Google.

22.) Furthermore, this occasionally involves the Computer Fraud and Abuse Act (CFAA) when spoofed, anonymous, or fraudulent emails are sent from the accounts of computers in which perhaps a private server has been hacked into by a cybersecurity expert.

## VII) VIOLATION OF REGULATIONS INVOLVING DO-NOT-CALL REGISTRY (CONT.)

23.) As a natural extension to the aforementioned arguments regarding the Can-Spam Act of 2003 and junk faxes applied to commercials on Cable Television, the plaintiff argues that a broad interpretation of Do-Not-Call Registry (DNC) enforced by the Federal Trade Commission (FTC) would indicate that Subway, Fanduel, and sporting goods store have violated the regulations involving Do-Not-Call Registry with their annoying advertisements featuring Charles Barkley as the spokesperson.

## VIII) COUNT FOUR: PUBLIC NUISANCE

24.) Furthermore, the plaintiff argues that Cable TV and internet advertisements featuring Charles Barkley as the public spokesperson constitute a public nuisance substantially similar to annoying billboards (perhaps owned by Lamar, Clear Channel Outdoor, and/or Viacom) in a neighborhood obstructing the view and concentration of multiple consumers of

deed as opposed to a quitclaim deed in a race notice or racenotice jurisdiction as a Bona fide Purchaser for Value (BF

## IX) COUNT FIVE: INVASION OF PRIVAC THROUGH INTRUSION UPON SECLUSION

25.) Moreover the plaintiff argues that obtrusive or annoying advertisements featuring Charles Barkley on Cable Television or internet (Hotmail (Microsoft)) constitute an invasion of privacy through intrusion upon seclusion because advertisements are a way for complete strangers to invite their way into the homes of consumers.

## X) COUNT SIX: PRODUCTS LIABILITY

26.) The plaintiff argues that the defendants have committed design defect or manufacturing defect under a theory of strict liability or negligence with the interpretation that commercials on Cable TV or internet have been placed in the international stream of commerce through ordinary channels of distribution even though the plaintiff is a direct consumer of Verizon Fios, Samsung LED/LCD televisions, Spectrum Internet, and in the past DirecTV (subsidiary of AT&T) or CenturyLink Internet (in Las Vegas) and not specifically paying consumer of FanDuel, Subway, or the sporting goods store.

## XI) COUNT SEVEN: BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY

27.) Under a similar theory as doctrine of transferred intent, plaintiff argues that the aforementioned companies of Subway, Fanduel, and the sporting goods store have committed a breach of the implied warranty of merchantability even though the plaintiff

## XII) COUNT EIGHT: BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

28.) Likewise, the plaintiff argues that the intended purpose of his use of Cable Television is for entertainment purposes and occupational therapy in that the intended purpose of using his Hotmail/Microsoft is in the ordinary course of business or for other issues perhaps involving Privacy Act of 1974 and/or HIPAA, Fourth Amendment (in which there is a "reasonable expectation of privacy" citing stare decisis of Katz v. United States

29.) In other words the plaintiff does not consume electronic services or products issued by Microsoft/Hotmail, Samsung, Verizon Fios, Spectrum Internet and/or Metro by T-Mobile to support or endorse products as part of the inventory of Subway, Fanduel, and/or sporting goods store involving a LIFO or FIFO method of accounting or just-in-time manufacturing, Kanban, or Keiretsu involving Strategic Business Units (SBUs) and/or Stock Keeping Units (SKUs).

## XIII) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is requesting a remedy in the amount of $45 million in the form of joint and several liability from the three co-defendants (perhaps involving contribution and indemnity) in addition to an injunction or an equitable remedy in the form of a "cease and desist order" in which the three co-defendants are precluded and/or enjoined from advertising to the plaintiff on Microsoft Hotmail or Cable TV involving Verizon Fios or Spectrum Internet [illegible]

A.) The remedy in the form of $45 million could be considered to be punitive, compensatory, or treble damages for the aforementioned commercial torts and dignitary tort of invasion of privacy through intrusion upon seclusion given that vertical banner advertisements are not welcome in the plaintiff's home.

B.) This remedy of $45 million could also be considered to be expectation, reliance, restitution, incidental, consequential, or liquidated damages if and only if (iff) the court finds that the plaintiff is in "privity of contract" as an incidental or intended beneficiary or through an assignment of rights or delegation of duties since Hotmail/Microsoft, Verizon, Metro by T-Mobile, Samsung and Spectrum Internet, DirecTV, AT&T, and Century Link are in "privity of contract" with Subway, Fanduel, and sporting goods franchise.

C.) The damages of $45 million could also be considered to be actual, presumed, or special damages given the dignitary tort of invasion of privacy.

D.) The plaintiff argues that the court should issue a preliminary injunction pursuant to Rule 65 of Federal Rules of Civil Procedure (FRCP) as a cease-and-desist order.

Respectfully submitted,

[signature]

Ronald Satish Emrit
6655 38th Lane East
Sarasota, Florida 34243
(703) 986-3043

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Ronald Satish Emrit

**DEFENDANTS** Charles Barkley, Subway, Fanduel, Sporting Goods

**(b)** County of Residence of First Listed Plaintiff Manatee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Ronald Satish Emrit 6655 38th Lane East Sarasota, FL 34243 (703)936-3043

Attorneys *(If Known)* attorney unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [X] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: Can-Spam Act of 2003; Do-Not-Call Registry

Brief description of cause: Excessive Advertising/Nuisance/Business Judgment Rule

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 45,000,000

CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE January 1st, 2023 SIGNATURE OF ATTORNEY OF RECORD Ronald Satish Emrit (pro se)

FOR OFFICE USE ONLY

Satish Emrit
6655 38th Lane East
Sarasota, Florida 34243

U.S. POSTAGE
$1.92
RDC 99
34211 FCM
Date of sale
01/01/23
06 2SSK
11487365
8823301012322001
FOLD HERE

RECEIVED
JAN - 9 2023

Attn: Clerk of the Court
U.S. District Court of
Eastern Pennsylvania
Edward N. Cahn U.S. Courthouse &
Federal Building
504 West Hamilton Street
Allentown, Pennsylvania 18101